E-FILED
Tuesday, 15 September, 2026 04:01:28 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DARRIAN DANIELS,**<br>**Plaintiff,** | ) | |
| **v.** | ) | **Case No. 26-3113** |
| **JACQUELINE KITTRELL, *et al.*,**<br>**Defendants.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Western Illinois Correctional Center ("Western"). (Doc. 23). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**ALLEGATIONS**

Plaintiff files suit against Defendants Nurse Jacqueline Kittrell, Nurse Jane Doe, Grievance Officer Jane Doe, and Jane Doe (Medical Staff).

Plaintiff alleges Defendants Kittrell and Nurse Jane Doe called him to the Healthcare Unit ("HCU") for a TB shot at the end of February 2026. Plaintiff informed Defendants that he previously had an allergic reaction to a TB shot and requested a TB gold blood test instead.

Defendants allegedly told Plaintiff that, according to his medical records, he never received a gold blood test in the past. Plaintiff alleges he submitted an emergency grievance but never received a response.

On March 16, 2026, Defendants Kittrell and Nurse Jane Doe called Plaintiff back to the HCU. Plaintiff showed Defendants a copy of an offender outpatient progress note and informed them he had a Court Order for gold blood test instead of the TB shot. Defendant Nurse Jane Doe allegedly told Plaintiff that "all forced medical care will come with consequences." (Doc. 23 at p. 6). Defendants told Plaintiff to leave the room. About twenty minutes later, Plaintiff was called back to the room and told to have a seat. Defendant Nurse Jane Doe had an open, dirty needle. Plaintiff asked Defendant Nurse Jane Doe to use a new needle, but she refused and told Plaintiff that she just opened the needle. Defendant Nurse Jane Doe then stuck the needle in Plaintiff's arm.

As soon as the test was complete, Plaintiff alleges his arm started hurting very badly. By the time Plaintiff returned to his cell, his arm had broken out where the needle was stuck. A couple hours later, Plaintiff began to feel lightheaded and dizzy and fell asleep. Plaintiff alleges he felt even worse when he woke up and asked gallery officers for medical attention. The officers allegedly told Plaintiff that he was feeling sick because of the "special shot" he received that morning. *Id.* at pp. 6-7.

On March 17, 2026, Plaintiff submitted an emergency grievance for medical treatment regarding the dirty needle that was intentionally stuck in his arm. Defendant Grievance Officer Jane Doe returned the grievance to Plaintiff on March 18, 2026,[1] informed Plaintiff there was no

[1] Plaintiff's Amended Complaint states the unknown grievance officer returned the emergency grievance to him on "2-18-26." (Doc. 23 at p. 7). For purposes of the Merit Review Order, the Court presumes this was a typographical error and the grievance was returned to Plaintiff on March 18, 2026.

grievance procedure, and instructed Plaintiff to stop writing grievances. Plaintiff alleges he did not receive medical care for his arm.

**ANALYSIS**

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Based on Plaintiff's allegations, the Court finds that Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendants Kittrell, Nurse Jane Doe, and Grievance Officer Jane Doe. Plaintiff is advised that Defendants Nurse Jane Doe and Grievance Officer Jane Doe cannot be served. As such, the Court will *sua sponte* name Western's Warden, Justin Maher, as a Defendant, in his official capacity only, to facilitate the identification of the Doe

Defendants. *See Donald v. Cook Co. Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (concluding that a court may allow the case to proceed to discovery against a high level official with the expectation that he will aid in identifying any Doe Defendants). Plaintiff may propound written discovery requests upon Warden Maher aimed solely at identifying Defendants Nurse Jane Doe and Grievance Officer Jane Doe. After the Doe Defendants have been identified, Warden Maher may move to be dismissed. Ultimately, it is Plaintiff's responsibility to provide the Court with the names of Defendants Nurse Jane Doe and Grievance Officer Jane Doe by filing a motion to substitute. The failure to do so will result in the dismissal of the Doe Defendants without prejudice.

Plaintiff named Jane Doe (Medical Staff) as a Defendant, but he did not include any allegations against her in his Amended Complaint. (Doc. 23 at pp. 2-3). Therefore, Defendant Jane Doe (Medical Staff) is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment deliberate indifference claim against Defendants Jacqueline Kittrell, Nurse Jane Doe, and Grievance Officer Jane Doe. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is DIRECTED to add Jane Doe (Grievance Officer) as a Defendant.

3) Defendant Jane Doe (Medical Staff) is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

4) Plaintiff will be given an opportunity to propound written discovery requests aimed solely at identifying the Doe Defendants. Under the circumstances, the Court finds that Warden Justin Maher is best suited to respond to this discovery. Warden Maher will remain a Defendant in this action, in his official capacity only, for the sole purpose of identifying the Doe Defendants. After that is done, Warden Maher may move to be dismissed. Ultimately, it is Plaintiff's responsibility to provide the Court with the names of Defendants Nurse Jane Doe and Grievance Officer Jane Doe by filing a motion to substitute. The failure to do so will result in the dismissal of the Doe Defendants without prejudice. The Clerk is DIRECTED to add Justin Maher (Warden) as a Defendant.

5) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court

does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: September 15, 2026

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge